



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **Linda King and Terri Reekes, on behalf of themselves and others similarly situated**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Transamerica Premier Life Insurance Company, and Monumental Life Insurance Company**<br><br>**Defendants.** | CIVIL ACTION NO. 3:15cv00518 |

## COMPLAINT

Plaintiffs Linda King ("King") and Terri Reekes ("Reekes," collectively "Plaintiffs") respectfully move for judgment against Transamerica Premier Life Insurance Company ("Transamerica") and Monumental Life Insurance Company ("Monumental"), (collectively "Defendant"), on behalf of themselves and all others similarly situated:

### Introduction

1.      This is a claim for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act" or "FLSA"). Plaintiffs seek unpaid overtime, liquidated damages, and attorneys' fees and costs arising out of the Defendant's FLSA violations for themselves and others similarly situated.

### Jurisdiction and Venue

2.      This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.

1

3.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule

3(B)(4) since the acts and omissions giving rise to this lawsuit have taken place in the Eastern

District of Virginia.

4.      Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

### Parties

5.      Linda King is a resident of Virginia who was formerly employed by Defendant as

an Agency Coordinator.  King was an "employee" as defined in the FLSA.

6.      Terri Reekes is a resident of Virginia who was formerly employed by Defendant

as an Agency Coordinator.  Reekes was an "employee" as defined in the FLSA.

7.      Transamerica is a corporation that does business among other places, in

Chesterfield, Virginia.  Transamerica meets the definition of "employer" as defined in the FLSA.

8.      Upon information and belief, Monumental is the former name of Transamerica

which was used prior 2014.

9.      Monumental was a corporation that did business in, among other places,

Chesterfield, Virginia.  Monumental meets the definition of "employer" as defined in the FLSA.

10.      Upon information and belief, Transamerica and Monumental use the same federal

tax employer ID number and Virginia State Corporation Commission ID number.

11.      Upon information and belief, Transamerica and Monumental are the same

employer for all relevant purposes of this lawsuit.

12.      Transamerica and Monumental are jointly and severally liable.

### Factual Allegations

13.      Linda King was originally hired by one of Transamerica's predecessor companies

in 1989. King's employment with Transamerica ended in April 2014.

14.     Reekes worked for Defendant for approximately 34 years until her retirement in or around Novmber 2014. Reekes worked in the Petersburg, Richmond, and/or South Hill offices of Transamerica or its predecessor companies.

15.     At all times relevant, Plaintiffs regularly worked more than 40 hours per week.

16.     Reekes regularly worked beyond her normal schedule of 9:00 to 5:30. Other Transamerica employees were aware that Reekes regularly worked past 5:30 pm.

17.     During the relevant time period, King worked out of Transamerica's Richmond office. King's regularly scheduled hours were 8:30 to 5:30. King often worked longer hours than her regular schedule. Other Transamerica employees witnessed King work hours beyond her regular schedule.

18.     Plaintiffs were not paid for hours worked over 40 per week.

19.     Plaintiffs' duties were secretarial and clerical in nature, and  included: answering phones, transferring calls, making phone calls, and taking messages; checking emails and forwarding them to the appropriate representatives; submitting the daily sales report to home office; printing reports for managers; checking voicemails; reviewing applications for errors; faxing paperwork such as applications and claims to home office;  setting appointments for sales agents; recruiting, which included posting pre-written advertisements on job recruitment websites, attending job fairs, and pulling resumes from job recruitment websites, screening candidates for minimum job qualifications which were set by management, and calling recruit candidates to set up interviews with the manager in the district office; ordering supplies; opening and distributing incoming mail; filing and keeping track of paperwork; customer service

including changing or updating personal information for clients, taking payments from clients, and explaining various paperwork to clients; sending letters; and making copies.

20.     Pursuant to the FLSA, Defendant is obligated to pay Plaintiffs at a time and a half rate for all overtime hours worked.  Defendant failed to do so.

21.     Defendant did not keep accurate records of Plaintiffs' hours.

22.     Plaintiffs each generally entered her time at 40 hours per week even though each typically worked more than 40 hours per week.

23.     Upon information and belief, Plaintiffs' supervisors were each aware that Plaintiffs worked beyond their regularly scheduled hours.

24.     Defendant and its management knew or had constructive knowledge of the fact that Plaintiffs regularly worked more than 40 hours per week.

25.     Based on the nature of Plaintiffs' job duties, there is no FLSA exemption that applies to preclude them from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

26.     Plaintiffs were paid on an hourly basis.

27.     Defendant failed to maintain accurate time records of all hours worked by Plaintiffs.

28.     Defendant willfully violated the FLSA by knowingly failing to pay its Agency Coordinator employees overtime.  Defendant had knowledge or constructive knowledge that Plaintiffs worked in excess of 40 hours per week, but failed to pay them overtime compensation.

29.     Under the FLSA, an employer must compensate employees for all hours suffered or permitted to work.

4

30.     At all relevant times Defendant intended to deprive Plaintiffs of the overtime pay

they were entitled to under the FLSA, or acted with reckless disregard for Plaintiffs' rights under

the FLSA.

31.     Upon her separation of employment with Transamerica, King signed a severance

release waiving claims except those "that cannot be waived, released or discharged by private

agreement under applicable federal, state, or local law."

32.     Any such release by King does not bar this lawsuit under the FLSA because under

federal law, FLSA claims may not be waived, released, or discharged by private agreement

without approval by the Department of Labor or approval by a court.  See Brooklyn Savings

Bank v. O'Neill, 342 U.S. 697 (1945).

33.     Transamerica has neither sought nor obtained Department of Labor approval

relating to any purported release of King's FLSA claims.

34.     Transamerica has neither sought nor obtained any court approval relating to any

purported release of King's FLSA claims.

35.     At the time that King signed her severance agreement, there was no bona fide

dispute between her and Transamerica relating to FLSA claims.

36.     The severance agreement signed by King does not cite the Fair Labor Standards

Act.

### Representative Action Allegations for FLSA Claims

37.     Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. §

216(b) as Representative Plaintiffs.  Plaintiffs consent to become party Plaintiffs in this

representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by the "Consent to

5

Become Party to Collective Action Under 29 U.S.C. § 216," filed by each herewith.

38.     Defendant employs, and has employed, multiple persons in the same job functions and/or positions that Plaintiffs occupied.

39.     These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

40.     Defendant compensated, and upon information and belief continues to compensate, Plaintiffs and those similarly situated on a uniform compensation basis common to Plaintiffs and other persons performing similar job functions.

41.     On information and belief, Defendant's pay, administrative, and supervisory operations are centrally managed as a single enterprise, and all or most of Defendant's employees performing functions similar to Plaintiffs are subject to common job duties, time-keeping, and payroll practices.

42.     The FLSA "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job functions as Plaintiffs and are or were subject to the same pay practices, and have been employed within three (3) years of the date of filing of this action.

43.     Plaintiffs assert that Defendant's willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period.

44.     Plaintiffs' job duties, and the job duties of those similarly situated to Plaintiffs, are not exempt from the coverage of the FLSA.

45.     At all relevant times, Plaintiffs and other similarly situated employees have been

6

entitled to the rights, protections, and benefits provided under the FLSA.

### FLSA Relief Requested

Wherefore, Plaintiffs requests the following Relief against Defendant:

A.    money damages for all unpaid overtime compensation;

B.    liquidated damages in an amount equal to all unpaid overtime owed to Plaintiffs;

C.    pre-judgment and post-judgment interest;

D.    an order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

E.    injunctive relief including but not limited to: an order permanently enjoining Defendant from retaliating against Plaintiffs; and an order permanently enjoining Defendant from prospectively violating the FLSA with respect to Plaintiffs and the Putative Collective Action Members and similarly situated employees;

F.    reasonable attorneys' fees and costs expended in the prosecution of this case;

G.    any and all further relief permissible by law.

Plaintiffs respectfully demand **TRIAL BY JURY**.

Respectfully submitted,
**LINDA KING and TERRI REEKES**
Plaintiffs


By: _____
        Craig Juraj Curwood (VSB No. 43975)
        Philip Justus Dean (VSB No. 86335)
        Attorneys for Plaintiffs
        Curwood Law Firm
        530 E. Main Street, Suite 710
        Richmond, VA 23219
        Telephone: (804) 788-0808
        Fax: (804) 767-6777
        ccurwood@curwoodlaw.com
        pdean@curwoodlaw.com

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| Linda King and Terri Reekes, on behalf of themselves and others similarly situated | |
| **Plaintiff,** | |
| v. | **CIVIL ACTION NO.** _____ |
| Transamerica Premier Life Insurance Company, Monumental Life Insurance Company | |
| **Defendants.** | |

## CONSENT TO BECOME PARTY TO
## <u>COLLECTIVE ACTION UNDER 29 U.S.C. § 216</u>

*I hereby consent to opt-in to become a plaintiff in this representative Fair Labor Standards Act ("FLSA") action pursuant to 29 U.S.C. § 216(b).*

_____
Signature

_____
Printed Name

1

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

| | |
|---|---|
| Linda King and Terri Reekes, on behalf of themselves and others similarly situated | |
| **Plaintiff,** | CIVIL ACTION NO. _____ |
| v. | |
| Transamerica Premier Life Insurance Company, Monumental Life Insurance Company | |
| **Defendants.** | |

## CONSENT TO BECOME PARTY TO
## <u>COLLECTIVE ACTION UNDER 29 U.S.C. § 16</u>

I hereby consent to opt-in to become a plaintiff in this representative Fair Labor

Standards Act ("FLSA") action pursuant to 29 U.S.C. § 216(b).

_____
Signature

_____
Printed Name

1